## Lewis's Executors *versus* Barry.

1. Herr, a citizen of Pennsylvania, owning real estate there and in Maryland, made in Maryland an assignment for creditors to Barry of *all* his estate, with preferences; the next day being advised that it was void as to the Pennsylvania estate, he made an assignment there to Lewis, reciting the first; this was recorded immediately; the first was not recorded within thirty days. Lewis received the rents and sold the real estate in Pennsylvania: *Held*, that the deed to him passed nothing, and Barry was entitled to the balance in his hands.

2. The Barry deed passed all Herr's real estate in Pennsylvania for the benefit of creditors without preferences.

3. As to creditors both assignments were void; the land could be sold under judgments against Herr.

4. The proceeds of sale in Lewis's hands represented the real estate, and Barry claiming and receiving it validated the sale by Lewis.

5. The money received by Barry from Lewis was to be distributed according to the laws of Pennsylvania.

May 9th 1872. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *York county:* No. 62, of May Term 1872.

This was an action of assumpsit, brought to April Term 1870, of the Common Pleas of York county, by Llewellyn F. Barry, assignee of John Herr, against Mary J. Lewis and Horace Bonham and Rebecca F. his wife, the said Mary and Rebecca being executors, &c., of Eli Lewis. There were no pleadings in the case, but on the 9th of June 1871, a case stated was filed, showing the following facts :—

John Herr, a resident of York county, Pennsylvania, and owning real estate both in Maryland and in York county, on the 2d of April 1857, in Baltimore executed a deed of assignment for the benefit of his creditors, to Llewellyn Barry, the plaintiff; the deed contained preferences to certain creditors named in it; it was recorded the same day in Baltimore. Barry and Herr came to York the same day for the purpose of recording the deed there, but were advised by Herr's counsel that the deed was void under the laws of Pennsylvania. Herr, by the advice of his counsel and against the advice and wishes of Barry, on the 3d of April executed to Eli Lewis a deed of assignment of his real estate in York county, for the benefit of all his creditors. The deed contained this recital:—

"Whereas, John Herr, of the borough of York, county of York, and state of Pennsylvamia, on the second day of April, eighteen hundred and fifty-seven, by deed of that date, sold and conveyed unto Llewellyn F. Barry, of the city of Baltimore and state of Maryland, all his property, real, personal and mixed, according to the laws of the said state of Maryland, and in trust for the creditors of the said John Herr: And whereas, the said

John Herr is the owner of certain real estate in the state of Pennsylvania upon which the said deed of conveyance already made is not to operate."

This deed was recorded in York county on the same day; the deed to Barry was not recorded in Pennsylvania within thirty days.

Barry proceeded in Maryland under the deed to him, and legal proceedings were commenced in that state to test the validity of the deed. Lewis also acted under the deed to him, and on the 24th of August 1857, filed an inventory of the personal and real estate of Herr in York county, amounting to $15,950, of which but $98 were of personal property.

On the 5th of February 1862, the Columbia Bank commenced an action against Herr, as endorser of a note held by the bank, and on the 3d of March recovered judgment against him for $6438.33. Under this judgment the real estate contained in Lewis's inventory was on the 16th of August 1862, sold to V. K. Keesey, Esq.

Lewis received the rents and profits of the York county real estate, from the date of the assignment until August 25th 1862.

On the 8th of September 1862, the judgment of the Columbia Bank was assigned to Mr. Keesey; who on the 5th of February 1863, issued an attachment execution on it, attaching all the goods and effects, money, &c., of Herr, rents, &c., of his real estate in the hands of Lewis.

On the 13th of March 1863, Lewis, as assignee, petitioned the Court of Common Pleas, setting forth the deeds to Barry and himself, the pendency of the suits in Maryland to test the validity of the deed to Barry, the sale of the real estate in York county by the sheriff, and asking instructions from the court as to a sale by himself of the same real estate. The court made the following decree.

"March 16th 1863, as the trust mentioned in the petition was constituted for the purpose of paying the creditors of the said assignor, and as it is no part of the duty of the trustee to litigate the title, the court order the trustee, Eli Lewis, Esq., to proceed with the sale already advertised to be held this day (Friday), and sell the real estate assigned if practicable."

Lewis thereupon sold the real estate to Elizabeth Herr in two lots, for $2000.

On the 9th of February 1864, Lewis as garnishee, pleaded "*nulla bona*" to the attachment, and on the 10th of February, judgment was taken in the attachment against John Herr, for $6132.65. On the 16th of April 1864, a case was stated in the attachment between the plaintiff and Lewis, the garnishee, the decision of which would determine whether Lewis took anything under deed of assignment from Herr to him. The Court of Common

Pleas, Fisher, P. J., decided that nothing passed to Lewis, and entered judgment as follows :—

" July 1st 1864, the court enter judgment for the plaintiff for the use of V. K. Keesey, Esq., against Eli Lewis, garnishee, under the case stated for the sum of $2178.76, to be levied of the moneys in the hands of the said Eli Lewis, received as rent of the property of John Herr, with the interest and accretions thereon ; and court grant leave to the plaintiff to issue legal process for the collection of the same according to the form in use, as if judgment had been rendered for the proper and private debt of the said garnishee, and upon making payment as aforesaid, the said Eli Lewis be thereupon discharged for the said sums so attached and levied of the debts and moneys in his hands."

On the 6th of August 1864, Lewis paid to the plaintiff in the attachment, $2178.76, the amount of the judgment. On the same day he filed an account as assignee, in which he charged himself with the rents of the real estate and interest on the money received by him, the proceeds of the real estate sold by him and profit on investments of the funds of the estate ; the whole amounted to $4865.88. He took credit for the amount of the judgment in the attachment paid by him and the expenses of managing the trust, showing in his hands a balance of $2019.33. The York County Bank, a creditor of Herr, filed exceptions to his account.

The Court of Appeals in Maryland afterwards decided that the deed to Barry was valid under the laws of that state, and it was recorded in York county on the 9th of May 1866.

Lewis died May 4th 1867, having made a will of which he appointed the two female defendants the executors.

On the 8th of December 1869, the exceptions to Lewis's account as assignee were dismissed and the account confirmed absolutely.

It was agreed under the facts as follows :—

1. If the court should be of opinion that the plaintiff is entitled to recover from the defendants the entire amount of the assets of the said John Herr, as shown by the inventory, &c., judgment to be entered in favor of the said plaintiff, for the sum of $15,950, with interest as hereinafter mentioned.

2. But if the court should be of the opinion that the plaintiff is entitled to recover the amount from the defendants, actually received by and charged on the debit side of the account filed by said Eli Lewis, without deduction of costs, charges and the amount of the attachments and judgments paid by him, as above stated, then judgment to be entered in favor of said plaintiff for the sum of $4865.88, with interest as hereinafter mentioned.

3. But if the court should be of the opinion that the said plaintiff is entitled to recover from said defendants the balance on the account filed by the said Eli Lewis, on the 6th of August 1864, then judgment to be entered in favor of the plaintiff, against the

[Lewis *v.* Barry.]

defendants for the sum of $2019.33, with interest as hereinafter mentioned.

4. But if the court should be of the opinion that the plaintiff is not entitled, upon the facts stated, to recover any amount from the defendants, then judgment to be entered for the defendants.

In either case, costs to follow the judgment, and if for the plaintiff, interest to be allowed, from such date as the court may think right.

March 4th 1872, the court entered judgment for the plaintiff for $2019.33, with interest from the 17th of January 1865, allowing three months to put out the money to interest after the date of filing exceptions to the account of the trustee.

The defendants took a writ of error and assigned for error:—

1. The court erred in entering judgment for the plaintiff for $2019.33.

2. The court erred in not entering judgment in favor of defendants on the case stated.

3. The court erred in charging interest against the defendants in the case stated, from January 17th 1865.

*Cochran* and *Hay*, for plaintiffs in error.—The assignment to Barry, executed and delivered in Maryland, did not operate on the real estate of Herr in Pennsylvania: Wharton's Conflict of Laws, sect. 275; Osborn *v.* Adams, 18 Pick. 245; Loving *v.* Pairo, 10 Iowa 282. If Barry's deed divested Herr of the title to the real estate, Lewis took nothing, and all his acts amount to nothing as to it. His deed to Mrs. Herr passed no title; the real estate may be recovered from her: Adams *v.* Humes, 9 Watts 305: and the proceeds therefore should be repaid to her. The assignee selling must make a good title or notify the vendee that he sells only what the assignor had: White *v.* Foljambe, 11 Vesey 345; McDonald *v.* Hanson, 12 Id. 277; Perry on Trusts, sect. 774. The fund in controversy is wholly from real estate, and *lex sitûs* governs: Speed *v.* May, 5 Harris 91. Our Acts of March 24th 1818, sect. 5, 7 Sm. L. 122, 1 Br. Purd. 92 pl. 7; March 18th 1775, sect. 1, 1 Sm. L. 442, 1 Br. Purd. 472, pl. 76, govern Barry's deed. If Barry succeeds, Pennsylvania creditors will take subject to the preferences in his deed: Dent's Appeal, 10 Harris 514; Parker's Appeal, 11 P. F. Smith 478. As to interest they cited Hoopes *v.* Brinton, 8 Watts 73; Dieterick *v.* Heft, 5 Barr 87; Yoder's Appeal, 9 Wright 394; McElhenny's Appeal, 10 Id. 347.

*J. Gibson*, for defendant in error.—The deed to Barry having been accepted by him, the legal title to all the property intended to be conveyed by it passed from the assignor to him, and the trust which it was its principal object to create in favor of the

[Lewis *v.* Barry.]

creditors instantly took effect: Seal *v.* Duffy, 4 Barr 274; Read *v.* Robinson, 6 W. & S. 329; and had the same effect as if the debtor had delivered money to an agent to pay his creditors: Story's Equity, § 972 n. 3; Act of 24th of March 1818, *supra.* A deed is good without recording. Without any record the deed is effective as against the grantor. Recording is only to guard against frauds upon subsequent purchasers or mortgagees: Journeay *v.* Gibson, 6 P. F. Smith 57, 61. The Act of the 17th of April 1843, Pamph. L. 273, 1 Br. Purd. 91, pl. 2, does not invalidate assignments in trust for creditors, which direct preferences; but the assignment is operative for the benefit of the creditors generally: Law *v.* Mills, 6 Harris 185; Wiener *v.* Davis, Id. 331. The accountability of Mr. Lewis must be that of an executor *de son tort*, and he will be charged as such for intermeddling with goods which are held by a conveyance declared void: Stockton *v.* Wilson, 3 Penna. R. 129. He is liable to the legal representative for all beyond rightful payments by retainer or disbursement: Meigan *v.* McDonough, 10 Watts 287.

The opinion of the court was delivered, July 3d 1872, by

READ, J.—The facts of this case stripped of unnecessary details are few and simple: on the 2d April 1857, John Herr of the borough of York, Pennsylvania, assigned all his property real and personal to Llewellyn F. Barry of the city of Baltimore, Maryland, in trust for the benefit of the creditors of said John Herr, making preferences of certain creditors therein named, which deed of assignment was executed and recorded in Baltimore on the same day, and which has been held to be good and valid under the laws of Maryland by the Court of Appeals of that state. This deed was not recorded in the office for recording of deeds for York county until the 9th day of May 1866.

This deed was carried by Herr and Barry to York, Pennsylvania, with the intention of having the same executed and recorded in York county, according to the laws of Pennsylvania, but being informed by a member of the York bar, who was consulted as counsel, that it was void by the laws of this state, Herr, against the advice and wishes of Barry, on the 3d day of April executed a deed to Eli Lewis, of the borough of York, conveying all his property in Pennsylvania for the benefit of the creditors of the said Herr, which was on the same day recorded in the recorder's office for the county of York. Eli Lewis accepted the trust and on the 24th August 1857, filed in the office of the prothonotary of York county an inventory and appraisement of the property conveyed to him, amounting to the sum of $15,900.

The Columbia Bank recovered a judgment against John Herr for $6438.33, on which execution was issued and the real estate described in said deed to Lewis was levied upon and condemned, and

under a writ of venditioni exponas the same was sold on the 16th August 1862, by the sheriff of York county to V. K. Keesey, Esquire, and a deed therefor was acknowledged and delivered by the said sheriff.

On the 6th February 1863, a writ of attachment-execution was issued on said judgment, and the rents, issues and profits of said real estate in the hands of the said Eli Lewis as garnishee, were attached, and on the 10th February 1864, judgment was rendered against John Herr, defendant, for $6132.35; on the 16th April 1864, a case was stated in said attachment-execution between the plaintiff and the garnishee, and on the 16th July 1864, judgment on said case stated was rendered against said Eli Lewis, garnishee in favor of the plaintiff for the use of V. K. Keesey, Esquire, for $2178.76, to be levied on the moneys in the hands of said Eli Lewis as garnishee, received as rent of the property of the said John Herr, with the interest and executions thereon, and leave was granted to issue legal process for the collection of the same.

Eli Lewis paid the said money according to the said judgment. The validity of the deed from Herr to Lewis was questioned and the deed was decided by the court to be invalid and void.

On petition to the Court of Common Pleas of York county the court, on the 16th March 1863, ordered said Lewis, as trustee, to proceed with the sale of real estate as already advertised, and sell the same if practicable; accordingly the said Eli Lewis, as assignee, sold and on the 1st April 1863, conveyed, for the consideration of $200, real estate in Chanceford, York county, and also for the consideration of $1800, real estate in the borough of York, to Elizabeth Herr, which deeds were duly recorded in the recorder's office for the county of York.

On the 6th August 1864, Eli Lewis, as assignee, filed his account in the prothonotary's office of York county, exhibiting a balance in his hands of $2019.33, and exceptions to it were overruled, and on the 8th December 1869, said account was confirmed. Eli Lewis died on the 4th May 1867, and letters testamentary were granted to Mary J. Lewis and Rebekah F. Lewis, executrices in his last will and testament.

On the 4th March 1872, the court entered judgment on the case stated for the plaintiff for $2019.33, with interest from the 17th January 1865, allowing three months to put out the money to interest, after the date of filing exceptions to the account of the trustee.

The origin of the difficulties in this case, was an error in the opinion of counsel in holding the deed to Barry to be void by the laws of Pennsylvania, and directing the execution of the deed to Eli Lewis. If he had advised the recording of the deed to Barry in York county, and a compliance with our acts, in relation to

[Lewis *v.* Barry.]

general assignments for the benefit of creditors, none of the present questions could have arisen.

The deed from Herr to Barry passed all the real estate in Pennsylvania to the assignee for the benefit of all the creditors, without any preferences: Law *v.* Mills, 6 Harris 185; Wiener *v.* Davis, Id. 331.

This being the case, there was nothing to be conveyed by Herr to Lewis, he being perfectly aware of the deed to Barry, which was in fact recited in the deed to him. *Quoad* creditors both assignments were invalid, and accordingly upon judgments and executions against Herr and an execution-attachment, in which Lewis was garnishee, certain of the real estate was sold by the sheriff and the garnishee paid over the amount of rents collected in his hands.

Two pieces of property were sold by Lewis for $2000, and the real controversy in this suit is whether the first assignee is not entitled to recover it in the hands of the legal representatives of Eli Lewis. The money represents the real estate sold, and the first assignee, by claiming and receiving the money, validates both sales and closes up all present and future litigation. Lewis may be likened to an executor *de son tort* who is considered as a trespasser, and is chargeable as far as assets come to his hand. It is the true trustee recovering from a supposed trustee who has been performing his duties.

The funds thus received by Barry must be distributed according to the laws of Pennsylvania, which must be regarded by the courts of Maryland as controlling the sum thus recovered.

Judgment affirmed.

SHARSWOOD, J., dissented.